May it please the court. Attorney Dennis Aoki for the petitioner Wang Jing-nak. Your honors, I understand that in every immigration case it is a very high standard but I think the honors can clearly see that this adverse credibility finding does not hold up to any sort of scrutiny. As I argued in my brief the board had two bases as far as the credibility finding. The first one they say that the petitioner's motives were unclear for coming to United States and as I argued this might simply make no sense because at that time that petitioner applied for a visa he had already been persecuted. So the board's argument that she made arrangements with her agent possibly or why did she wait all this time before departing China, she was already harmed. Although counsel that's not quite the way that I read what the board said. Her claim was that what was causing her to want to leave were the forced abortions and yet she did these things through the the middle agent and these foreign trips before she had the second abortion and many years after she had the first. And I read that what the board was saying is that this cast doubt on her testimony that she was doing all of this to escape persecution and I don't see that that that is as illogical as you contend. But Judge Yana I see your point however why would she need to make up a second abortion? Per the law in this circuit she had already versions that she made up the second abortion to give herself a motive to escape simply doesn't make sense. There is no case law that I'm aware of that says that passage of time is somehow going to diminish her first abortion. Yana she still lost companionship of her child so the harm for our argument a matter of YTL is ongoing and so nope she was never asked if when did she learn about asylum judge. So it could be that three or four years passed by she learned about asylum and then made arrangements for the fake travel admittedly because she wanted a better chance of getting a visa but all of that is tied to cases like Akin made and the new case saying that say it's okay to lie if you're fleeing persecution and there is no time limit. Yeah but but I mean I think that the the the lies what what did they have to do with her fleeing persecution? Well apparently she was told by the agent that she would not be able to get a visa unless she made up this fabricated information and is that what she testified to? I I thought it was just the the agent said do this. Well the board actually cited to the pages Yana and in my brief I go over line by line and he does say he said I wanted to leave China after the first abortion then on the page 175 of the record she says the agent helped me get the visa then she says I went along with their scheme because I want to flee China and because I suffered an abortion that's on page 181 of the record and she said I planned to escape before I had the second abortion but the tragic event prevented it that's on page 182. And so Yana's the second issue it deals with her marriage and my argument for the brief was that this is simply too tangential. If a discrepancy even exists this marriage took place again after she already suffered the abortion. She had a marriage certificate that was filed that I cite to on page 266. The government did not object to the admission of the marriage certificate so I was honestly puzzled that the board is so concerned about our marriage when there's other documents that prove its legitimacy and although I know the courts can look to any discrepancy but I just think this is really really tangential and doesn't have any impact on her abortion. If even that why she married this gentleman so shortly before coming to United States even if she her motive was to possibly bring him over as the judge speculated this has nothing to do with her asylum claim. And lastly there was an issue on corroboration and my argument for the brief was that the judge was concerned that there were two copies of this medical record that were filed possibly inconsistent with each other. My only argument is that the judge never gave respondent a chance to address this and per Wren and per I might be missing up the pronunciation but the Terrian I think the judge has to give a respondent a chance to reconcile any of these differences and the record shows the trial attorney raised the issues and the judge said well let's just go to redirect and then it was never addressed until her decision where she pointed out various issues with the documents but never gave respondent a chance to explain. It's possible that the clerk was responsible. He testified I gave the documents to the office and after that he didn't get a chance. I have a question yes it seems to me that of her household are inconsistent. He filed a one registered saying that she was married on was married on August 22nd but then it turns out that she didn't really get married until September. That's an inconsistency and in the second application on the question of whether she was married at all he left the marriage box blank and didn't fill it in. He's telling inconsistent stories about whether she's married. He's telling inconsistent stories about when she got married. Why isn't that sufficient basis for you skeptically finding one? I believe they gave somewhat plausible explanations. I've done hundreds and hundreds of Chinese cases and the household register is very much plagued by issues because the government only updates it when you request it. So with respect to her own household register she said I was married but they simply didn't update it. With respect to the husband's household register their explanation admittedly is a little iffy. Says well because we were planning to get married I got the date put on there ahead of time. I understand the court's concern about this. The issue is they submitted a marriage certificate apart and separate from that. So we have another document to show they were legitimately married and the government could have done FDL forensics investigation but they didn't do it. And the second reason why this doesn't rise is that the marriage took place after the abortions. I just don't see how it could what possible tangent there is to her two abortions this timing of the marriage. And I don't know if the court will let me reserve a minute for rebuttal. Yes yes we'll give you time for a rebuttal thank you. All right counsel for the attorney general. May it please the court your honor I'm Joanna Watson on behalf of respondent the United States attorney general. And looking at the totality of circumstances in this case what we need to do it's apparent that the case really starts to fall apart. You have this timeline of events. I'm sorry there's something wrong with my machine here I'm not getting this. Uh so hold on hold on hold on that's better that's better. I think okay Miss Watson why don't you start over again and we'll give you some extra time. I don't think Judge Watson I mean Judge Wallace heard uh the beginning of your uh your argument. Okay I apologize for that. I started by saying that we need to look at the totality of the circumstances here and when you look at the totality of the circumstances everything starts to fall apart. You have this conspicuous timeline of events. You have the implausibility of her mother's visit the inconsistency there. And you also have really glaring issues with the evidence what that was put into corroborate her So counsel when you talk about the timeline um are you are you suggesting that uh because she was visiting um the these countries in order to help bolster a future visa application that this somehow casts doubt on her testimony that the second abortion occurred? Um yes it's it's it's it was very conspicuous that you know at the end of February or March she takes these trips to these three countries and has a middle agent tell her to do this because of her stuff in quotes and as the immigration judge pointed out there wasn't any stuff that had recently happened at that point because it wasn't until the following month in April that she found out that she was pregnant. But if somebody were going to invent the second abortion completely if they were just lying about everything wouldn't they invent the abortion as having happened before they visited these countries? I mean what sense does it make that they would invent the second abortion after when as you point out um that detracts from rather than adds from credibility? So it I I do have some some difficulty seeing how the quote-unquote timeline shows that the the story about the second abortion was false. If it's just being made up why wouldn't you make it up as having happened in February or January? I can't answer her reasoning for doing that but I I can or when she found out the day she had the abortion that she contacted her mother and said that her mother arrived by bus that same day but then when confronted with the fact that she was 16 hours away she said that her mother arrived the next day and then you have two different letters in the record. So counsel you know I I agree with you that she admitted uh that her original statement about when exactly her mother arrived couldn't have been true. How is that how is that material? I mean what difference does it make whether her mother arrived that day um or or the next day is the suggestion just that she lies about everything so she just didn't care when it was that her mother actually arrived? Yeah it added adds to the inconsistencies that are in the record that passed out on her entire claim. I mean this goes to her claim that she had an abortion that day it's not trivial it was part of the evidence that she submitted but yet there's two different letters in the record about this and one of the most glaring and I um I had heard an argument the first argument today and I talked to and what came up there was that you know even if there if if there's just one thing that's just one thing is enough to support an adverse credibility determination and the immigration judge here when she submitted documents that were supposedly to corroborate the fact that she had a forced abortion and there are so many inconsistencies between these documents there are not only there were two sets of the documents that were put in the record and contrary to petitioner's claim she was provided numerous opportunities to explain why the inconsistencies and thought they came up with these documents before her hearing and she was actually provided um an extension for the hearing in order to rectify the inconsistencies I mean there are inconsistent inconsistencies with this medical record for instance I mean it goes so far to say one of the on AR 347 which was the second version of the medical documents it says she had an abortion operation plus an anesthetic plus IUD insertion but on the previously submitted one it says she only had an abortion and anesthetics and makes no reference to the IUD insertion and there's also differences in the original mandarin documents that there's lines that are different there's some that have seals on them one one section has a seal AR 350 there's no seal on AR 613 one of them signed I mean there's all sorts of differences and I mean this was the main document that she used to corroborate her claim that she had the second abortion and there were other inconsistencies too like when we talked about the marriage and the timing of the marriage and they broke up but then both got back together and then you know she was married in august but then the real marriage happened in september according to the marriage certificate but yet in the record you have her husband's household registration that says that he's married yet that was it was issued prior to the marriage in august and then you have her household registration that was issued after the marriage in october I believe the marriage supposedly occurred in september and hers was left blank and her only explanation for being blank is her mother told her that they're all that way but yet all that way throughout the country I believe she even stated but yet her husband's household registration said that he was married so that I mean it wasn't even it didn't rectify the issue there and it threw out and understandably you know with all these issues with the evidence and implausibility of some of her claims for instance the IJ talked about did talk about a fine while he said it was possible it's probably unlikely during Esther the first abortion I mean she was married at the time she had an IED inserted and allegedly had forced abortion and found it was less likely that she would have a 5,000 rvm rmb fine when she had been issued years later only two thousand dollars in child support a year put it in for into perspective and it was all these you know counsel with respect I don't think citing to that kind of a finding by the IJ helps you I can't remember I don't think the BIA relied on that particular finding I might be wrong on that but it looked to me from reading that that the IJ was simply speculating about what the IJ thought was logical or illogical in China as opposed to deciding on the evidence that something showed that this fine wouldn't actually have been imposed and again although it's neither here nor there we see lots of cases all the time with lots of fines in China for lots of things so I don't think that one helps you very much okay I mean even putting that aside this timeline of events the problems with the documents the fact that a lot of these documents were issued after she had already come to the United States like her son's certificate which she had been divorced in 2009 she got granted custody in 2011 and yet she didn't have a copy of the birth certificate and also her household registration wasn't issued until after the fact and then again it said that she was not married I mean it's all of these little things none of them are minor but that you know they all go to the claim and when you look at the whole big picture it really casts out on our whole claim and I think I'm starting to run out of time so based on you know if you look at that totality of the circumstances there's a lot of things that cast out on her claim all right thank you I'm sorry I thought you were concluded you have more time I'm sorry I didn't I just wanted to say that it's based on the totality of the circumstances that you would deny the petition for review thank you all right thank you can I go ahead all right okay your honors per her own brief per DHS's own brief issues she was discussing was the fine and the mother there that's not even before the court your honor the the issue she cited Tekelvimikasey where the court reviews reasons explicitly identified by the DIA and examine the reasoning articulated in the IJ's oral decision and support we do not review those parts of the IJ's adverse credibility finding that the what DIA did not identify as most significant and did not otherwise mention they did not mention the mother's visit they did not mention the fine because as your honor herself himself identified this is nothing but speculation the fine speculation the mother's visit plausible explanation that the mother drove all night uh with regard to corroboration your honors I think the panel can see this was just rubber stamped by the board they didn't give it any analysis the judge engaged in some analysis but she never confronted the respondent I reviewed the record line by line what happened was there were deficient filings agreeable done by the attorney's office respondent just gave him the documents yes there's possible difference between what purports to be the original but I think the respondent deserves a chance to explain did she just give this original he actually made changes which I agree would be damning but was this responsible to the clerk be making a bad copy this never got explored the judge only went into this for the first time in her decision I think she deserves an opportunity to explain and then the birth certificate for the child well that has nothing to do with the case at all and it was issued in 2012 it was not objected to so I don't understand what that has to do with anything thank you honors and I hope is uh either granted asylum or the case is remanded all right thank you we thank council for their helpful arguments the case just argued is submitted and with that we are adjourned for the day
judges: Wallace, Bea, Bennett